UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| V. | : DOCKET NO. 3:00CR227(SRU) |
| CHARLES DEJESUS | : JULY 6, 2005 |

**DEFENDANT'S MEMORANDUM IN AID
OF SENTENCING ON REMAND**

On June 20, 2001, the Defendant Charles DeJesus was charged in Counts 12 and 13 of a 16 count indictment with possessing with intent to distribute heroin and cocaine base in violation of Title 21 U.S.C. Section 841(a)(1) and Title 21 U.S.C. Section 841(b)(1)(A). On March 4, 2002, a jury sitting in the United States District Court for the District of Connecticut began to hear evidence concerning the charges that were brought against the Defendant and his five Co-Defendants. The Defendant was convicted on April 2, 2002 on both counts with which he was charged. At the time of his conviction, the jury returned a verdict form in which it found that the Defendant's involvement in the conspiracy concerned 1,000 grams or more of heroin and 50 grams or more of cocaine base.

The Defendant was sentenced on September 6, 2002. At the time of his sentencing, the Court adopted all factual findings of the Department of Probation. The Probation Report found that the Defendant's involvement in the conspiracy concerned at least 1.5 kilograms of cocaine base and 26 kilograms of heroin. (See ¶¶26-27 of PSR) Probation therefore calculated the Defendant's base guideline offense level to be thirty-eight (38). Probation also found that the Defendant was subject to a two point enhancement for the use of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1) (see PSR ¶28); three points for being a manager or supervisor pursuant to U.S.S.G. § 3B1.1(b) (see PSR ¶ 29); and two points for employing a minor pursuant to U.S.S.G § 3B1.4 (see PSR ¶ 30). Probation then determined that the Defendant's total offense level was forty-five (45), but noted that his offense level should be adjusted to Level forty-three (43) pursuant to "Guideline Chapter 5, Part A, Application Note #2." Probation also determined that the Defendant had a criminal history level of IV, and that his sentencing range was life imprisonment (see PSR ¶ 75).[1]

---

[1] However, the Defendant's statutory range of imprisonment for his convictions on Counts 12 and 13 of the government's indictment is 10 years to life.

The trial court adopted the factual findings of the PSR as to drug quantity and made additional findings of fact. The trial court agreed that the Defendant employed a minor and that a two level enhancement was appropriate pursuant to U.S.S.G. § 3B1.4. The Court also found that the Defendant (or others) used a firearm in connection with the offense and that a two level enhancement pursuant to U.S.S.G. § 2D.1.1(b)(1) was appropriate. The Court also found that the Defendant was a manager or supervisor and that a three level enhancement was appropriate pursuant to U.S.S.G. § 3B1.1(b). The Court found the Defendant's criminal history category to be IV and imposed a sentence of life imprisonment.

On January 12, 2005 the Supreme Court handed down its' decision in the consolidated cases of <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738 (2005) in which it determined that the Sentencing Guidelines were no longer to be interpreted as being mandatory, but rather advisory only. However, although the Supreme Court held that the guidelines were no longer to be applied on a mandatory basis, it determined they still were to be consulted in imposing the appropriate sentence. In effect, the guidelines became one of several factors that District Courts were to consult when making a determination

3

on sentencing. Those factors are set forth in 18 U.S.C. §3553(a), which require a district court to impose a sentence "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2) after considering: (1) The nature and circumstances of the offense and the history and characteristics of the Defendant; (2) The kinds of sentences available; (3) The guidelines and policy statements issued by the sentencing commission including the guideline range; (4) The need to avoid unwarranted sentencing disparity among defendants with similar records that have been found guilty of similar conduct; and (5) The need to provide restitution to any victim of the offense.

On February 2, 2005 the United States Court of Appeals for the Second Circuit handed down its' decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), in an effort to provide District Courts with a road map on how to sentence criminal defendants in the post Booker/Fanfan era. In Crosby, the United States Court of Appeals for the Second Circuit noted that since the sentencing guidelines were no longer mandatory, district courts (after having complied with 18 U.S.C. §3553(a)) have the authority to impose non-guideline sentences. United States v.

4

Crosby, 397 F.3d 103 at 112. The Crosby court summarized the Supreme Court's holding in Booker/Fanfan as having the following impact on sentences to be determined by District Court Judges:

> First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a). Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range, or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (i) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence. Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

United States v. Crosby, 397 F.3d at 113.

The Defendant submits that this Court should impose a non-guideline sentence upon the Defendant when he is re-sentenced on July 19, 2005. It is the Defendant's position that this Court can impose a sentence pursuant to 18 U.S.C. §3553(a) which is "sufficient, but not greater than necessary" to comply with the basic principles of said statute by imposing a sentence of less than life imprisonment. Title 18 U.S.C. §3553(a) sets forth four purposes of

sentencing, namely: (a) retribution (to reflect the seriousness of the offense, to promote respect for the law; and to provide just punishment); (b) deterrence; (c) incapacitation (to protect the public from further crimes); and (d) rehabilitation (to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner). In short, a sentence of life imprisonment is not necessary to accomplish any of these objectives. In essence, the Defendant was convicted of being a large scale narcotics trafficker. He was not convicted (nor was it alleged) that he ever murdered anyone or that he ever inflicted serious bodily harm upon anyone.

When the Defendant was sentenced on September 6, 2002, he presented evidence of how he had turned his life around since he had moved to Florida. He had gotten married, obtained employment, and appeared to have removed himself from the world of Bridgeport narcotics trafficking. (See transcript of sentencing appended hereto at p. 28-34).

Although the Court declined to depart downward from the Defendant's applicable sentencing range because it did not find

6

that the Defendant's efforts to rehabilitate himself were extraordinary, it is submitted that in this post Booker/Fanfan era, the Court is nonetheless permitted to consider all facts that may aid it in determining an appropriate sentence. Title 18 U.S.C. § 3661 provides in part that "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a Court of the United States may receive and consider for the purpose of imposing an appropriate sentence. Therefore, even if the Court did not find that the Defendant's efforts to rehabilitate himself were extraordinary, the Court may consider the fact that the Defendant did appear to be on a path that held far more promise than the one he had chosen in Bridgeport.

     In summary, the Defendant submits that a life sentence is not necessary to achieve the goals of 18 U.S.C. §3553(a). The Court should impose a sentence which is "sufficient but not greater than necessary" to accomplish the goals of 18 U.S.C. §3553(a) and that this can be done by imposing a sentence within the statutory sentencing range of 10 years to life without imposing the maximum sentence available to the Court.

THE DEFENDANT,


BY:_____
ROBERT G. GOLGER
#ct03116
Quatrella & Rizio, LLC
One Post Road
P.O. Box 320019
Fairfield, CT  06825
(203) 255-9928

9

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed postage prepaid on this 6th day of July, 2005 to the following counsel of record:

Alex V. Hernandez, Esquire
Alina P. Reynolds, Esquire
Office of the United States Attorney
915 Lafayette Boulevard
Bridgeport, CT  06604

_____
ROBERT G. GOLGER