1-3

3:00CR 227 (SRU)
Charles DeJesus
Inmate no: 66715-004
United States Penitentiary
P.O. Box 26045
Beaumont, TX 77720

*[Stamp: United States District Court, District of Connecticut, FILED AT BRIDGEPORT, 10/27/2005, Kevin F. Rowe, Clerk, By: D. Baldwin, Deputy Clerk]*

Robert Golger.
One Post Road
P.O. Box 320019
Fairfield, CT 06825

September 30, 2005

Re: United States of America v. Charles DeJesus.

Dear Golger.

    An inquiry, yes you have explained to me how the Booker/FanFan case set appropriate grounds for resentencing me. Nonetheless, my question of concern is why was I resentence under United States v Iaversen instead of Booker/FanFan. According to 4A1.3 (b)(i) of The Federal Sentencing Guideline a downward departure may have been warranted under this subtitle prior to resentencing. Therefore as it relates to Booker/FanFan why wasn't any issue's raised by counsel regarding my drug involvement and drug quantity. There was a substantial amount of evidence presented at trial indicating that the heroin activities described by Padilla were in fact fabricated and inaccurate. His testimony was self-proven to be factually factitious yet, you did not present this evidence which may

2.3

have minimized my conduct in the court's eye's and shown evident proof of how prejudicial his testimony was against me. In a case were codefendant's make statements after the conspiracy is over there's a strong presumption against the trustworthiness of their statements, nonetheless, in this case every codefendant including Frank Estrada recklessly presented evidence of how fallacious Padilla's was. Yet, you did not exploit this evidence. Your strategic defense was merely based on me moving to Florida and getting married. As we both know, this claim was denied at my bond hearing, at trial, at sentencing as well as resentencing, so the question to your performance which is equivocal why did you persist in this refutal defense when the government presented evidence prior to trial that I was continuing an acquiescence in the goals of the conspiracy? This evidence instantly neutralized a valid withdrawal, so why did you continue on promulgating that I made a legitimate effort to withdraw from the conspiracy, when in order to establish a withdrawal from a conspiracy there must be an appreciable interval between the defendant's abandonment of the criminal enterprise and the commission of the crime, and a withdrawal made when the object crime is in the process of being commenced, or after it has been consummated, is insufficient. nonetheless, you did not attempt to constitute an affirmative defense. In your efforts you did not attempt to establish a licit withdrawal

from the conspiracy or that I made a timely communication to my coconspirators of my intentions to withdraw or a disclosure to authorities of my intentions of withdrawal of the conspiracy. According to 16 Am Jur 2d §27 abandonment of, or withdrawal from, conspiracy a withdrawal is not accomplished by mere cessation of activity in furtherance of the conspiracy, or by the fact of the cospirator's arrest or incarceration, so again why did you rely exclusively on a defense that didn't constitue a defense to a charge of conspiracy? As a jurist isn't it your responsibility to investigate the circumstances of the case and assure protection of any problematic legal issues, so then why do I sense as if I've been deprived of a right to a fair trial and effective representation of counsel?

In Dismay I remain...
Yours truly

HANDWRITTEN COPY...

Charles DeJesus.