[Exhibit # B 15 C.D.]

①

July 20, 2005

Dear Golger,

At re-sentencing, you advised me that I shouldn't appeal the sentence. My question to you however is why shouldn't I appeal the drug quantity when the amount was adopted by the P.S.R. Factual Findings? According to the caption of the indictment as well as the verdict form it states I was charged and found guilty of one or more kilos of heroin, so then why would it be unappropriate of me to challenge the calculation of 26 kilograms of heroin when Booker/Fan Fan stated how it was inappropriate for the judge to base factual findings that were not presented to the jury or admitted by the defendant. Correct me if I'm wrong. At re-sentencing it seemed as if the Government was relying on Frank Estrada's and Jermaine Jenkins testo testimony on crack cocaine to determine the calculation for the heroin. According to trial records their testimony of the defendant's involvement in the conspiracy was solely based on crack cocaine they made no indication of the defendant being involved in the heroin conspiracy. However Padilla who was the Government's key witness against the defendant for the heroin charge. His testimony was never mentioned in the Government's omnibus for sentencing, the P.S.R. or at resentencing. The question now is why? Could it be that Estrada, Gomez, Lugo, Jenkins and Glenda Jiminez proved that his testimony on material matters such as, his involvement, the time of the conspiracy between Estrada and Gonzalez, the location, the members involved and the events

[exhibit #15b]

(2)

that occurred during the conspiracy were tailored and contrary to their testimony. If I'm correct Padilla's testimony convicted me of the heroin offense if his testimony is proven by other witness's them to be fabricated then the conviction should be challenged on the grounds the government relied on perjured testimony to prove the defendant involvement in the heroin conspiracy and the determination of heroin involved. In conclusion I hope that my point is this evidence is taken into consideration because I do wish to challenge the heroin drug amount on appeal or a evidentiary hearing unless counsel explains and advices a more better approach.

Truly Yours

Charles DeJesus #66715-004.

[Exhibit #16]

Robert Golger Esq.
One Post Road
P.O. Box 320019
Fairfield, CT. 06432.

RE: Counsel to submit motion for an appeal

July 24, 2005.

Dear Golger,
 Being that I only have ten days to submit for an appeal this letter is to reconfirm the July 20th letter I sent you requesting an appeal be filed for the July 19th 2005 resentencing decision.

Truly Yours

Charles DeJesus #46715-004
950 High Street
Central Falls, RI. 02863

Hand written Copy:

LAW OFFICES
## QUATRELLA & RIZIO, LLC
ONE POST ROAD
POST OFFICE BOX 320019
FAIRFIELD, CONNECTICUT 06825
(203) 255-9928

FAX (203) 255-6618

JAMES P. BLANCHFIELD
PETER V. GELDERMAN°
ROBERT G. GOLGER
MICHAEL C. JANKOVSKY
DAVID K. KURATA
KATHERINE M. MACOL
WILLIAM M. PETROCCIO+
DAVID L. QUATRELLA*
RAYMOND RIZIO+

°ALSO ADMITTED IL BAR
\* ALSO ADMITTED PA AND NJ BARS
+ ALSO ADMITTED NY BAR

SHELTON OFFICE
2 Corporate Drive, Suite 249
Shelton, Connecticut 06484
(203) 929-6060
FAX (203) 929-6072

PLEASE REPLY TO FAIRFIELD OFFICE

[Exhibit #17 C.D.]

July 26, 2005

**LEGAL MAIL**

Mr. Charles DeJesus
Inmate No. 66715-004
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, RI  02863

Re:  <u>United States of America v. Charles DeJesus</u>

Dear Charles:

In response to your July 20, 2005 correspondence, please note that the Supreme Court in <u>Booker/Fanfan</u> stated that it was unlawful to mandatorily enhance a defendant's sentence based upon facts not admitted or submitted to the jury. That is precisely the reason your case was appropriate for re-sentencing. In other words, the court imposed a life sentence because it was obligated to accept the Sentencing Guidelines as mandatory once it found that the drug quantity involved in the conspiracy was so high. However, after <u>Booker/Fanfan</u>, the court was no longer required to apply the Sentencing Guidelines in a mandatory fashion. Nonetheless, it still could have accepted the factual findings of the Presentence Report and given you a life sentence, but it was no longer obligated to do so. I explained this in detail to you at our meeting at Wyatt Correctional as well as prior to your resentencing. Remember, the drug quantity that was found by the jury in your case still gave the court the opportunity to sentence you to any term of imprisonment from 10 years to life if it chose. The court simply stated at your re-sentencing that it was giving you a <u>Non-Guideline Sentence</u>, therefore, your sentence is not based upon anything that was not submitted to the jury and, in fact, is not based upon the Sentencing Guidelines. You received a statutory sentence, not a Guideline

Mr. Charles DeJesus                -2-                July 26, 2005

Sentence. I advised you against appealing your sentence because the government would surely cross-appeal your non-guideline sentence. Since you went from having a life sentence imposed upon you to receiving a sentence of 28 years, I would suggest that you were the big winner in the re-sentencing and that you should be extremely grateful and not tempt fate. That said, the issues you raised in your July 20, 2005 correspondence are still part of your initial appeal as these arguments were included in your Supplemental Brief. However, it is my opinion that these issues are now without any significant merit, as you were not sentenced pursuant to Federal Sentencing Guidelines.

                        Very truly yours,

                        Robert G. Golger

RGG:lig