UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

UNITED STATES OF AMERICA
                        PLAINTIFF,

2006 DEC 19 P 2: 49

                V.

                                    U.S. DISTRICT COURT
                                    PORT, CT

CHARLES DEJESUS
            DEFENDANT,

                        Case No:3:00 CR 227(SRU)


                                    December 5,2006

MOTION FOR AN OUT OF TIME APPEAL
AND APPOINTMENT OF COUNSEL

Come now,Charles DeJesus here-in-after Defendant in the above style cause,respectfully moves this Honorable court to grant him an out-of-time appeal and appointment of counsel.In support Defendant states the following.

STATEMENT OF THE CASE

On June 20,2001 The Defendant Charles DeJesus was charged in a 16 count indictment with possessing with intent to distribute heoin and cocaine base a violation of title 21 U.S.C. section 841 (a)(1) and title 21 U.S.C. section 841(b)(1)(A).On March 4,2002 a jury located in the United States District Court for the District of Connecticut began to hear evidence concerning the charges that were brought against the Defendant and co-defendants.On April 2,2002 the jury rendered a guilty verdict against the Defendant and several,but not all of the codefendants On September 6,2002 the Defendant was sentenced to aterm of life imprisonment.The Defendants sentence was based upon a finding by the court that the Defendant had a base offense level of thirty-eight and was subjected to three separate enhancements for

an additional seven points, two points for use of a minor U.S.S.G section 3B1.4,possession of a firearm U.S.S.G section 2D1.1(b)(1) and three points for supervisory role U.S.S.G section B1.1(b).On September 13,2002 counsel Robert Golger of One Post Road P.O. BOX 320019 Fairfield,Connecticut 06825 filed a notice of appeal for the Defendant.On October 28,2002 the Defendant submitted a letter to counsel requesting a full disclosure of appeal issues and trial transcripts.On November 5,2002 counsel informed the Defendant that the Appellate brief was due on November 27,2002 and he had filed for an extension of time.On December 3,2002 the Defendant reiterated his interest in examining the appeal issues and trial transcripts.In response to the Defendants corresponden-ce on December 10,2002 counsel stated that the appeal he was working on centered mainly on the courts restriction of cross examination of several witnesses.In that event counsel further offered the Defendant an alternative to relieving his services on account the Defendant had previously suggested a dismissal to counsel in spite of his redundant failure to provide the Defendant with appeal issues and trial transcripts.According to counsel the due date to file the appeal was on on December 31, 2002,therefore the Defendant nor counsel made any legitimate effort to submit a motion to relieve counsels services.On January 1, 2003 the Defendant submitted an additional letter to counsel requesting a copy of the Appellate brief and trial transcripts. On February 10,2003 the Defendant made a request to unit counsel-or Mr. Cruz at U.S.P Beaumont Texas for an investigation of incoming legal mail addressed to the Defendant from counsel. According to the mail room officer,"no mail was logged coming in

2.

or rejected at the time period counsel alleged.On March 5,2003 as aconsequence to counsels conduct the Defendant submitted a letter to the Supreme Appellate Court and The Statewide Grievance Committee.In the correspondence the Defendant explained how counsel was denying him the right to have knowledge of appeal issues, possession of trial transcripts and participation in his own appeal defense.On March 24,2003 three (3) months after the due date for filing the Defendants appeal counsel forwarded both the appeal brief and trial transcripts to the Defendant.(for a chronology of events see enclosed exhibits #1A through #13).

On June 24, 2004 The Supreme Court had issued a decision in the case of Blakely v. Washington.On July 17,2004 the Defendant submitted a letter to counsel requesting that the Blakely issue be supplemented to his direct appeal.(see exhibit #14).On January 12,2005 The Supreme Court handed down it's decision in the cases of United States v. Booker/FanFan 125 S.Ct.738(2005).As a result to the Supreme Courts decision The Court Of Appeals directed the Defendants case to the District Court for resentencing.On July 19 ,2005 as a resolution under limited remand the Defendant was resentenced from a term of life imprisonment to 340 months.On July 20 and 24 of 2005 the Defendant submitted a letter to couns-el requesting that an additional appeal be filed for the new sentence.(see exhibits #15 and#16).On July 26,2005 in response to the Defendants petition counsel,"advised against appealing the new sentence on account The Goverment would cross-appeal the new non-guideline sentence". (see exhibit #17).In that instant counsel

3.

made no legitimate effort to support the Defendants right to an appeal,to follow procedures to advice the court and request permission to withdraw from the case on account he finds no non-frivolous issues.

**The Supreme Court has held that:**

Counsel should,and can with honor and without conflict,be of more assistance to his client and to the court.His role as advocate requires that he support his clients appeal to the best of his ability.Of course if counsel finds his case to be wholly frivolo-us after a conscientious examination of it,he should so advise the court and request permission to withdraw.That request must, however be accompanied by a brief referring to anything in the record that might arguably support the appeal.

The Appellate Court has addressed this issue on a number of accasions stating,"Appellate counsel need not argue frivolous appeals or raise frivolous issues on appeal,even if his client sorequests.If,upon conscientious examination counsel finds Defendants case to be wholly frivolous,he may so advise the court and request permission to withdraw;the brief to such effect has of course come to be know as Anders brief".

As to the ramaining issues raised in the Defendants initial appeal.On March 13,2006 the appeal was subsequently dismissed on account the same issues were raised in codefendants Felix DeJesus and Ricardo Rosario appeal.According to records Felix and Rosario appeal was denied on November 29,2005.The duration between the denial of the codefendants appeal and the dismissal of the Defendants appeal was atleast four (4) months,this was substanti-ally enough time for counsel to either file a Anders brief or

submit a motion for leave to file a supplemental brief on account
The Appellate Court had ruled the same consolidated issues in the
codefendants appeal meritless.

## THE DEFENDANT HAS A RIGHT TO AN APPEAL

Every criminal defendant convicted in the Federal courts have a
right to an appeal.see **Coppedge v. United States** 369 U.S. 438
(1962).the Sixth Amendment guarantees an indigent criminal
defendant the right to effective assistance of counsel during his
appeal as of right.see **Evitt v. Lucey,** 469 U.S.387,396(1985);
**Douglas v. California**,372 U.S.353,355-57(1963).The Supreme
court has held that an attorney has a constitutional duty to
consult with a defendant about an appeal" when there is reason
to ~~the~~ think either (1)that a rational defendant reasonably
demonstrated to counsel that he was interested in appealing".
**Roe v. Flores-Ortega** 528 U.S.470,479(2000).If an attorney
representing a client reviews the record and concludes that
his or her client has no appealable issues,he or she is then
required to follow the procedures set forth by the Supreme
Court in **Anders v. California,**386 U.S.738(1967).The procedures
set forth in **Anders** allows the defendant the opportunity to
submit issues to the Appellate Court he believes has merit.
The Supreme Court held in **Evitts v. Lucey,**supra,that the
defendant was entitled to a new appeal when counsels deficient
failure to comply with the menchanistic local rules led to the
dismissal of the defendants appeal.
In the _subjudice_, Mr. DeJesus has been denied his right to an
appeal due to the failure of his court appointed attorney to

timely file a notice of appeal,his failure to follow the procedu-
res set forth in **ANDERS** and his failure to consult with his
client about an appeal.Mr DeJesus explicitly made his attorney
aware of his desire to appeal his new sentence on July 19,2005.
In light of Supreme Court holdings,the Defendant has a right to
an appeal,effective assistance of counsel on apeeal and his
attorney has a constitutional duty to file an appeal when he
demonstrated to counsel his desire to appeal his sentence.In
the instant case, none of the safeguards The Supreme Court
set forth in the cases cited to above have been adhered to,
and as a result Mr. DeJesus has been denied his right, under
The Law Of The United States, to an appeal.

**Wherefore,**in the interest of justice, Charles DeJesus, moves
this Honorable court to grant his motion for an out of time
appeal and appointment of counsel for appeal.


                              Respectfully submitted
                              Charles DeJesus
                              Fed.id.no.66715-004
                              pro se litigation
                              U.S.P. Canaan
                              P.O. BOX 300
                              Waymart, PA. 18472


                    6.

## CERTIFICATION OF SERVICE

I hereby certify that on the _____ day of _____ 2006 a
copy of the foregoing was mailed, posted pre-paid to the followi-
ng counsel of record.


Alex Hernandez.esq
Alina Marquez.esq
U.S. Attorney's office
915Lafayette Blvd.
Bridgeport,CT. 06604




Charles DeJesus

7.

(1)

Charles DeJesus.                                    10/28/02.
United States Penitentiary
P.O. Box 26030
Beaumont, TX. 77720


Robert Golger                        [Exhibit # 1A]
One Post Road
Fair Field, Ct. 06430


RE: United States of America vs. Charles DeJesu
Docket No: 3:00 CR 00227 (SRU)


Dear Mr. Golger.

                    The reason for this letter i
Unfortunately due to several inconvienent
transfers and a confliction of circumstances
between us, we haven't had the apropriate
opportunity to discuss any issues for my direct
appeal. I understand your business schedule is
bombarded with cases, but for sumetime now
I've been stressfully inquiring to know if you
filed a notice of appeal on my behalf and if s
then can you please provide me the issues and
motions you're intending to address to the court
As I've explained to you in the past, I fully
understand your position as a jurist and assistanc

(2)

as an effective counsel, but my overwhelming concerns as a defendant is to know the contents of your strategic approach of the matter for reasons being I may want to supplement any issues deemed necessary. In addition as a indigent I would also like for you to provide me pursuant to Fed. rule of crim Proc. rule (16) and The Equal Protection Clause a complete copy of the discovery package and both trial transcripts. U.S. vs Charles DeJesus and U.S. vs Daniel Herredia, so in conclusion I'm sincerely hoping this request is administered without prejudice or delay.

Respectfully,
Charles DeJesus

LAW OFFICES
## QUATRELLA & RIZIO, LLC
ONE POST ROAD
POST OFFICE BOX 320019
FAIRFIELD, CONNECTICUT 06825
(203) 255-9928

FAX (203) 255-6618

JAMES P. BLANCHFIELD
PETER V. GELDERMAN°
ROBERT G. GOLGER
SARAMAE KREITLOW

°ALSO ADMITTED IL BAR
* ALSO ADMITTED PA AND NJ BARS
+ ALSO ADMITTED NY BAR

KATHERINE M. MACOL
WILLIAM M. PETROCCIO+
DAVID L. QUATRELLA*
RAYMOND RIZIO+

November 5, 2002

[Exhibit #2]

**LEGAL MAIL**

Mr. Charles DeJesus - #66715004
BCI – Beaumont
P.O. Box 26045
Beaumont, TX  77720-6045

Re:  <u>United States of America v. Charles DeJesus</u>

Dear Charles:

I am in receipt of your correspondence dated October 28, 2002.  Please be advised that I have filed a Notice of Intention to Appeal the above matter to the United States Court of Appeals for the Second Circuit.  My brief in your matter is currently due on November 27, 2002, however, I have filed a motion for extension of time with the court to file this brief.

I will keep you advised of the status of your appeal, and if you have any questions please feel free to contact me.

Very truly yours,

Robert G. Golger

RGG:lig

CHARLES DEJESUS #66715-004                                    12/3/02
UNITED STATES PENITENTIARY
P.O. BOX 26030
BEAUMONT,TX.77720


ROBERT GOLGER
ONE POST ROAD                              [Exhibit #
P.O. BOX 320019                                     3_1
FAIRFIELD,CT. 06825


**RE: U.S.A vs CHARLES DEJESUS CASE NO:3:00 CR 00227 ( SRU)**


DEAR Mr Golger
        Pursuant to the FREEDOM OF INFORMATION ACT 5 U.S.C 552
as amended and the rules GOVERNING CRIMINAL PRACTICE rule 3:13-3,
I wish to make it clear that I'm still extremely interested in
inspecting all documents listed in the DISCOVERY,in addition I
would also like for you to provide me the trial transcripts and
the trial transcripts of co-defendant DANIEL HERRIDIA, furthermore
as a matter of fundamental fairness I further request that you
establish a written notification to me upon the issues your
intentions are to address in the brief for my direct appeal.
        Mr. Golger this is **MY LIFE,FREEDOM and the fifth
time I,ve requested to you yo provide me with these documents and
information.**If your failure to comply to this request is caused by
a lack of enthusiasm then it's basically constitutionally fair that
you file a motion to relieve your services, on the account of it
doesn't make sense for me to be entangled in such a detrimental
predicament.By right even for a direct appeal I'm entitled to have
an effective representation by counsel,so if it;s not in your best
interest to fulfill the duties and responsibilities set forth as
an attorney then it's generally appropriate you file amotion to
alleviate your services.In conclusion I can only hope wecome to
a understanding without prejudice but if not then you leave me
with the alternative to file a grievance to the AMERICAN BARR
ASSOCIATION upon your dificient perfomance.


                                            RESPECTFULLY

                                            CDJ

                                            CHARLES DEJESUS

LAW OFFICES

## QUATRELLA & RIZIO, LLC
ONE POST ROAD
POST OFFICE BOX 320019
FAIRFIELD, CONNECTICUT 06825
(203) 255-9928

FAX (203) 255-6618

JAMES P. BLANCHFIELD
PETER V. GELDERMAN°
ROBERT G. GOLGER
SARAMAE KREITLOW

°ALSO ADMITTED IL BAR
* ALSO ADMITTED PA AND NJ BARS
+ ALSO ADMITTED NY BAR

KATHERINE M. MACOL
WILLIAM M. PETROCCIO+
DAVID L. QUATRELLA*
RAYMOND RIZIO+

December 10, 2002

**LEGAL MAIL**

[ Exhibit #F 4 ]

Mr. Charles DeJesus – Inmate #66715004
BCI – Beaumont
P.O. Box 26045
Beaumont, TX  77720-6045

Re:  United States of America v. Charles DeJesus

Dear Charles:

I am in receipt of your December 3, 2002, correspondence.  First, I will provide you with a copy of the trial transcript when I receive my copy from the printer who is putting together the Appendix for your appeal.  Second, if you wish specific discovery materials, I will provide them to you as well, although it is my recollection that you have everything I have since you had all of the discovery materials at trial and reviewed them prior to trial.  (I remember you highlighting portions of the transcripts and FBI-302 forms and providing them to me at trial).  Last, the appeal I am working on will center mainly on the court's restriction of the cross-examination of several witnesses.  If you wish me to withdraw and to have new counsel appointed, I will make a motion but the due date for filing your brief is December 31, 2002.  Best wishes.

Very truly yours,

Robert G. Golger

RGG:lig

CHARLES DEJESUS #66715-004                                     1/1/03
UNITED STATES PENITENTIARY
BEAUMONT,TX.77720


ROBERT GOLGER
ONE POST ROAD
P.O. BOX 320019                              [Exhibit 5]
FAIRFIELD,CT.06825


RE: U.S.A vs CHARLES DEJESUS CASE NO:3:00 CR 00227 (SRU)

Dear Mr. Golger
            Now that the date for my direct appeal has come to
pass,(December 31,2002) I would like for you to provide me with
the copies of the brief as well as any motions or oral arguments
you may have made in my regards.In addition if it's not of any
inconvenience can you also furnish the letter Ismael Padilla
wrote to district attorney Alex Hernandezalong with the trial
transcripts of co-defendant Daniel Herridia.
            IN response to your December 10,2002 missive
YES, we did take a moment to review certain issues which I've
highlighted in the FBI-302 forms and transcripts, but the matter
of the fact is that the trial transcript of co-defendant Herridia
were acquired to me by co-defendant Kelvin Verveen during trial
and it is for this reason I've been constantly requesting to you
to provide me with a copy on the account of I had to return the
transcript to Mr. Vereen, so conclusion I sincerely hope you can
fulfill this standard request without any further delay.


                                              RESPECTFULLY

                                              CSJ

                                              CHARLES DEJESUS

*Exhibit 6*

Attorney Robert Golger                                January 20, 2003
One Post Road
P.O. Box 320019
Fairfield, CT  06325

                              RE: USA v Dejesus No 3:00CR00227(SRU)

Dear Sir:

      I am writing to notify you that I want a copy of all the trial
and other transcripts that you have or had in your possession in
any way connected to my case.  I further want a copy of all motions
you filed in connection to the case and all discovery you received
in connection to the case.

      I most specifically want a copy of the brief you filed in
the Second Circuit Court of Appeals in connection to my case.

      To date, you have left me in the dark.  I want to file a pro se
supplemental brief on my own behalf.  I want to adequately assist in
my own defense and you are actively blocking me from doing just that.

      Therefore, I want everything you have.  If you can't copy it
then send me the originals.

      Unless I receive all this on or before February 1, 2003, I
am filing a complaint with the State Bar of the Supreme Court of
Connecticut.

      I also have a legal intern friend here who will help me file
in the both federal district court and federal appellate court for
an order compelling you to do the right thing; that is, send me
all the above at once.

      I also will file a legal malpractice action in the state
court of proper jurisdiction if you do not comply by 2/1/03.

      I am sorry for having to do this. As you know, I am serving
a life sentence.  I am not about to let you continue to deny me
access to the records I need to defend against that sentence.

      I grant you will respond with expedience !


                              Utterly Dismayed, I remain:

                              Charles DeJesus
                              66715-004
                              United States Penitentiary
                              Box 26030
                              Beaumont, Texas  77720

cc : file

LAW OFFICES

**QUATRELLA & RIZIO, LLC**
ONE POST ROAD
POST OFFICE BOX 320019
FAIRFIELD, CONNECTICUT 06825
(203) 255-9928

[Exhibit 7]

FAX (203) 255-6618

JAMES P. BLANCHFIELD
PETER V. GELDERMAN°
ROBERT G. GOLGER
SARAMAE KREITLOW

°ALSO ADMITTED IL BAR
* ALSO ADMITTED PA AND NJ BARS
☆ ALSO ADMITTED NY BAR

KATHERINE M. MACOL
WILLIAM M. PETROCCIO+
DAVID L. QUATRELLA*
RAYMOND RIZIO+

January 29, 2003

*Doc. Num. 3:00 CR 00227 (SRV)*

LEGAL MAIL

Mr. Charles DeJesus - #66715004
BCI – Beaumont
P.O. Box 26045
Beaumont, TX  77720-6045

Re:  <u>United States of America v. Charles DeJesus</u>

Dear Charles:

I am in receipt of your January 20, 2003, correspondence.  Please note that I sent you a copy of your Appeal on January 7, 2003.  (See enclosed correspondence) and all trial transcripts.  You already have been provided with all discovery materials.

Very truly yours,

Robert G. Golger

RGG:lig
enclosure

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

[Exhibit 6]

## U.S. DEPARTMENT OF JUSTICE

**FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
| mr cruz unit counselor | 2/10/03 |

| FROM: | REGISTER NO.: |
| charles dejesus | 66715-004 |

| WORK ASSIGNMENT: | UNIT: |
| p.m. library clerk | e.a. 206 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

the reason for this request is there seems to be a problem regarding the deliverly of my legal mail. on january,7 2003 my attorney mr golger mailed out a package containing legal documents, however for reasons unknown this legal material never reached my possession,so can you please check records for incoming legal mail to this facility and see why i haven't recieved these legal documents .

thank you respectfully

_(Do not write below this line)_

DISPOSITION:

ACCORDING to Mail Room Officer
No mail has been Log coming in
or rejected. R.G., Counselor

| Signature Staff Member | Date |
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)



This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94



Printed on Recycled Paper

Statewaide Bar Counsel                      February 25, 2003
P.O. Box 6888
Station A
Hartford, Connecticut  06106                [Exhibit #9]

                    RE:  ROBERT G. GOLGER

Dear State Bar:

     I am writing because the above-named Connecticut Bar Member
has did me wrong.  I believe this to be a breach of ethics and of
the Cannons and Codes of Professional Responsibility.

     Mr Golger of One Post Road, Fairfield, Connecticut 06825 has
represented me in federal court.  He now represents me on direct
appeal.  The problem is, he says he has given me all the discovery
in the case, but, only has given me a handful of 302's.  I am kept
in the dark.  I have not seen the motions he filed or anything else.

     What tops it off is twice I wrote him asking for my appeal
brief he filed and also the transcripts of the trial.  Twice he
wrote back saying he sent them. (See attached letters of 1/7 and
1/29)

     I never received a shred of it !

     I am being denied my right to actively participate in my
own defense.  I am grieving a life sentence.

     Please know I believe Mr Golger is not telling me the truth.
If he mailed both the transcripts and the brief I would have re-
ceived them.

     CAn you please investigate ?


     Thank You.


                              Sincerely,


                              Charles DeJesus
                              66715-004
                              United States Penitentiary
                              Box 26030
                              Beaumont, Texas
                                              77720

cc : file

FRANCIS J. DRUMM JR. CHIEF CLERK
SUPREME COURT BUILDING                                    MARCH,5 2003
231 CAPITOL AVE.
DRAWER 2 STATION A
HARTFORD,CT.06106                        [Exhibit #10]

RE:ROBERT G GOLGER

Dear Sir
        I am writing the above named connecticut bar member
has comited a breach of ethics by violating the connons and
code of professional responsibility.
        Mr Golger of ONE POST ROAD FAIRFIELD,CONNECTICUT 06825
has represented me in federal court and is again representing
me on direct appeal.As to the contents of my complaint, Mr Golger
has not fulfilled his obligations by providing me with a complete
copy of discovery,trial transcripts,motions filed or brief for
appeal.(case no:3:00 cr 00227 sru).In fact Mr Golger has only
disclosed a handful of 302's at which is inadequate material to
rely on for an appeal.
        For sometime now it has been in my best interest to
actively participate in my own defense,however Mr Golger has denied
me that right because on several occasions I wrote to Mr Golger
requesting a release of these documents,but he continuously
failed to comply with my requisitions. See enclosed letters dated
10/28/02,11/11/02,12/3/02,1/1/03 and 1/20/03.Also enclosed is a
inmate to staff request form dated 2/10/03 to Mr Cruz a counselor
at BEAUMONT TEXAS PENITENTIARY,who explains that according to mail
officer's there is no record of any legal mail coming in or being
rejected from the mail room at the time period Mr Golger is claiming.
See enclosed letter from Mr Golger dated 1/7/03,1/29/03.Based on
this information it is evident Mr Golger is not telling me the
truth for if he did mail out these documents as requested I would
not be addressing this perpetuated issue to you.So can you please
investigate this matter on the grounds that Mr Golger performance
offends my sixth amendment right to have effective assistance of
counsel given throughout the appeal.

                                    utterly dismayed I remain...
                                    CHARLES DEJESUS 66715-004
                                    UNITED STATES PENITENTIARY
                                    P.O. BOX 26045
                                    BEAUMONT, TEXAS.77720

cc/filed

# STATE OF CONNECTICUT



[Exhibit 11]

Michèle T. Angers
Acting Chief Clerk
860-757-2200

**SUPREME COURT**
**APPELLATE COURT**

March 12, 2003

231 Capitol Avenue
Hartford, CT 06106
860-757-2217 Fax

Mr. Charles DeJesus, 66715-004
United States Penitentiary
P.O. Box 26045
Beaumont, Texas  77720

Dear Mr. DeJesus:

Your correspondence dated March 5, 2003 to the former Chief Clerk, Mr. Francis J. Drumm, Jr., has been forward to the Statewide Bar Counsel.  The Appellate Clerk's Office does not handle complaints against Attorneys.  If you have any additional questions please refer them to the Statewide Bar Counsel at the address on the enclosed pamphlet.

Yours truly,

Michele T. Angers
Acting Chief Clerk

Enc.
cc:  Attorney Robert G. Golger

| Alan M. Gannuscio | Cynthia M. Gworek | Paul S. Hartan | Susan C. Reeve | Carolyn C. Ziogas |
| Assistant Clerk | Assistant Clerk | Assistant Clerk | Assistant Clerk | Assistant Clerk |
| 860-757-2242 | 860-757-2149 | 860-757-2249 | 860-757-2224 | 860-757-2153 |

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

[Exhibit #F 12]

March 18, 2003

Charles DeJesus, #66715-004
United States Penitentiary
P.O. Box 26045
Beaumont, TX  77720

RE:    Complaint Against Attorney

Dear Mr. DeJesus:

We are returning herewith your letter of March 5, 2003 regarding Attorney Robert G. Golger.

The authority of the Statewide Grievance Committee is essentially limited to reviewing grievance complaints filed against attorneys and determining whether attorney misconduct has occurred.

Enclosed is a pamphlet describing Connecticut's attorney grievance process and a "Complaint Against Attorney" form.  If after reviewing the pamphlet you choose to file a complaint, please complete and return the enclosed form.

Sincerely,

Daniel B. Horwitch

DBH/asc
Enc.

LAW OFFICES
## QUATRELLA & RIZIO, LLC
ONE POST ROAD
POST OFFICE BOX 320019
FAIRFIELD, CONNECTICUT 06825
(203) 255-9928

FAX (203) 255-6618

JAMES P. BLANCHFIELD
PETER V. GELDERMAN°
ROBERT G. GOLGER
SARAMAE KREITLOW

°ALSO ADMITTED IL BAR
* ALSO ADMITTED PA AND NJ BARS
+ ALSO ADMITTED NY BAR

KATHERINE M. MACOL
WILLIAM M. PETROCCIO+
DAVID L. QUATRELLA*
RAYMOND RIZIO+

March 24, 2003

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

LEGAL MAIL

[Exhibit #5 –
#13 – CD]

Mr. Charles DeJesus – Inmate No. 66715-004
United States Penitentiary
P.O. Box 26045
Beaumont, TX  77720

Re:  United States of America v. Charles DeJesus

Dear Charles:

I received a letter from the State of Connecticut Appellate Court with an attached letter from you.  Despite the fact that I have forwarded to you both your Appellate brief and trial transcripts on a previous occasion, I am enclosing yet another copy of your Appellate brief and your trial transcripts.  I don't know how you can claim not to have received these materials, they have never been returned to me.  However, this time I am sending them to you certified mail/return receipt requested, so there will be a record of who receives it.

Very truly yours,

Robert G. Golger

RGG:lig
enclosures

CHARLES DEJESUS 66715-004
UNITED STATES PENITENTIARY
P.O.BOX 26045
BEAUMONT TX. 77720


ROBERT GOLGER
ONE POST ROAD
P.O. BOX 320019
FAIRFLIED, CT. 06825

[EXHibiT #14]


July 17,2004


RE:    REQUEST TO SUPPLEMENT DIRECT APPEAL


Dear Mr. Golger
        It has been brought to my attention that the Supreme court in
**BLAKLEY v. WASHINGTON**' U.S LEXIS 4573 (2004), rendered a decision that
certian aspect of the sentencing guidelines violate a defendants right to a
jury when it considers factors that aren't in the indictment.
            if the courts decision is iterpreted as being sound, then in my
case there has been a breach of constitution right,due to the prosecution implementing
acts  and behaviors that were not charged in my indictment as evidence to
increase the sentencing range.
In a 16 count indicament, there were only two charges held against me. the counts
were: conspiracy to possess with intent to distribute heroin and cocaine base
while in the pre-sentencing report and the goverment's ominbus memorandum in aid of
sentencing, the government addressed firearm enhancement, adjustment for role in the
offense, and use of minor. these three level computations increased my sentencing
range from a level 38 to a level 45 which placed me in a much more severe range from
the alleged in the indictment.
Under the Blakley decision this claerly demonstrates a violation of Sixth Amendment
right,so as one seeking a relief in judgement I am requesting that this issue be
supplemented in my direct appeal for the government has yet responded.


                                                    thank you respectfully

                                                    CHARLES DEJESUS

LAW OFFICES
## QUATRELLA & RIZIO, LLC
ONE POST ROAD
POST OFFICE BOX 320019
FAIRFIELD, CONNECTICUT 06825
(203) 255-9928

FAX (203) 255-6618

JAMES P. BLANCHFIELD
PETER V. GELDERMAN°
ROBERT G. GOLGER
MICHAEL C. JANKOVSKY

°ALSO ADMITTED IL BAR
* ALSO ADMITTED PA AND NJ BARS
+ ALSO ADMITTED NY BAR

KATHERINE M. MACOL
WILLIAM M. PETROCCIO+
DAVID L. QUATRELLA*
RAYMOND RIZIO+

July 26, 2004

LEGAL MAIL

Mr. Charles DeJesus
Inmate No. 66715-004
United States Penitentiary
P.O. Box 26045
Beaumont, TX  77720

Re:  <u>United States of America v. Charles DeJesus</u>

Dear Charles:

Enclosed please find a Supplemental Brief I filed to preserve an issue that may be affected by the Supreme Court's recent decision in <u>Blakely v. Washington</u>.

Very truly yours,

Robert G. Golger

RGG:lig
enclosure