UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     v.<br><br>CHARLES DEJESUS,<br>     Defendant. | CRIMINAL NO.<br>3:00cr227 (SRU) |

## RULING and ORDER

On April 2, 2002, a jury convicted Charles DeJesus of conspiracy to possess with intent to distribute 1000 grams or more of heroin and conspiracy to possess with intent to distribute 50 grams or more of cocaine base. In September 2002, I sentenced DeJesus principally to a term of life imprisonment. DeJesus subsequently appealed that sentence.

On June 8, 2005, the Second Circuit issued a mandate, remanding DeJesus's appeal, and ordering that I decide whether to re-sentence him, in accordance with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). The Second Circuit ordered that "[a]ny appeal taken from the district court's decision on remand can be initiated only by filing a new notice of appeal." *See* FED. R. APP. P. 3, 4(b). In July 2005, I re-sentenced DeJesus to a period of incarceration of 340 months on each count, to be served concurrently. DeJesus did not immediately appeal the July 2005 sentence. In December 2006, DeJesus filed a motion for an "out of time" appeal of the July 2005 sentence. In March 2006, the Second Circuit dismissed DeJesus's appeal of the merits of his conviction.

Rule 4(b) of the Federal Rules of Appellate Procedure requires a defendant to file a notice of appeal in the district court within 10 days of the entry of the judgment being appealed. Here, DeJesus is seeking to appeal his July 2005 sentence, reflected in an amended judgment entered on the court's docketing system on July 25, 2005. Thus, DeJesus missed the deadline for filing a

notice of appeal by about one year and five months.

Rule 4(b)(4) allows a defendant to make a motion for an extension of time to file a notice of appeal. Still, the period of time for filing a notice of appeal may not "exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." The June 2005 Mandate of the Court of Appeals required that DeJesus file a new notice of appeal, in accordance with Rule 4, following his re-sentence. DeJesus did not comply with Rule 4, because even under Rule 4(b)(4), his notice of appeal would still be at least one year and four months late. Thus, DeJesus's motion is untimely, and I do not have authority under the Rules to grant his motion for an "out of time" appeal.

In his motion papers, DeJesus argues that he told his counsel following his re-sentencing that he wanted to appeal the July 2005 sentence, but that counsel advised against an appeal. He argues, in effect, that he was denied the right to appeal the July 2005 sentence, because counsel did not abide by DeJesus's wishes. Because DeJesus is proceeding *pro se*, his pleadings should be liberally construed. *LaBounty v. Adler*, 933 F.2d 121, 122 (2d Cir. 1991). As such, I will treat DeJesus's motion for an "out of time" appeal as a federal habeas corpus petition, seeking additional time to appeal from the judgment of re-sentencing on grounds of ineffective assistance of counsel.

DeJesus's Motion for an "out of time" appeal (**doc. #1562**) is **DENIED**. The clerk's office shall docket DeJesus's motion for an "out of time" appeal (doc. # 1562) as a federal habeas corpus petition. In the event that DeJesus does not want his motion to be treated as a

habeas corpus petition, he shall notify the court of that position within 30 days of this order.

    It is so ordered.

    Dated at Bridgeport, Connecticut, this 16th day of April 2007.

                                        /s/ Stefan R. Underhill
                                            Stefan R. Underhill
                                            United States District Judge