UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES DEJESUS | No. 3:00-cr-227 (SRU) |

## RULING

Charles DeJesus is currently incarcerated as a result of his 2002 conviction for conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846. He is currently serving a sentence of 340 months' imprisonment and has, inter alia, asked me to reconsider my ruling denying his motion for a reduction of sentence. For the forgoing reasons, his requests are denied.

### I.      Background

On April 2, 2002, DeJesus was convicted of two counts of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. He was thereafter sentenced to a term of life imprisonment. In accordance with *United States v. Crosby*, 397 F.3d 103 (2005), DeJesus was resentenced on July 19, 2005, to a term of 340 months' imprisonment and a term of supervised release of five years. On March 19, 2009, DeJesus filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). DeJesus' motion was based on Amendment 706 to the U.S. Sentencing Guidelines, which had the effect of lowering the base offense level for offenses involving crack cocaine by two levels. On June 30, 2009, I denied DeJesus' motion for a sentence reduction (doc. # 1654). I held that he was not eligible for the reduction because Amendment 706 did not have the effect of reducing DeJesus' total offense level below a level

43, and therefore did not have the effect of lowering DeJesus' applicable Guideline range. *See* U.S.S.G. § 1B1.10(a)(2) (2008); *see also* U.S.S.G. § 1B1.10 Appl. Note 1.(A) (2008).

On August 31, 2009, and then again on May 4, 2010, DeJesus filed motions for reconsideration of my Order denying the motion for reduction of sentence (*see* docs. # 1658, 1665). In those motions, he argues that it was error for me to treat U.S.S.G. § 1B1.10(a)(2) as binding in light of the fact that the Guidelines are now advisory. *See Booker v. United States*, 543 U.S. 220 (2005). He also asserts that his sentence is "unreasonable" and remand for resentencing is mandatory and can be achieved pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

Finally, on June 3, 2015, DeJesus filed a motion to amend the written judgment of conviction (doc. # 1761).[1] In that motion, DeJesus asserts that there is a discrepancy between my oral ruling at his *Crosby* resentencing, on July 18, 2005, and the written judgment filed on July 22, 2005. Under Rule 36, he requests that I amend my written judgment by including a statement of reasons that clarifies the alleged discrepancies between what was said at the resentencing and what was written in the judgment that followed.

## II. Discussion

DeJesus' motions raise two issues. The first issue is whether he is entitled to a sentence reduction, and the second issue is whether it is proper to issue an amended written judgment that conforms to my oral statement of reasons at his resentencing.

---

[1] DeJesus also has another pending motion for reduction of sentence, filed on February 8, 2016, which I do not rule on today (doc. # 1787).

A. <u>Sentence Reduction</u>

Section 3582(c) prohibits the modification of previously imposed sentences unless one of the enumerated exceptions applies. 18 U.S.C. § 3582(c). One such exception is "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 of the Guidelines clarifies that "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range." U.S.S.G. § 1B1.10 Appl. Note 1 (2015). If an amendment does not have the effect of lowering the defendant's applicable Guideline range, the district court is "not authorized under 18 U.S.C. § 3582(c)(2)" to reduce the defendant's sentence. U.S.S.G. § 1B1.10(a)(2) (2015); *see also United States v. Johnson*, 732 F.3d 109, 114 (2d Cir. 2013). Furthermore, even if the defendant is eligible for a sentence reduction, a court is not permitted to reduce the defendant's term of imprisonment under section 3582(c)(2) "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2); *United States v. Smith*, 633 F. App'x 66, 67 (2d Cir. 2016).

The "amended guideline range" is the Guideline range "that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The fact that a district court departed downward at a prior sentencing does not affect the amended Guideline range as contemplated by section 1B1.10. *Smith*, 633 F. App'x 66, 68 ("[T]he amended guideline range does not incorporate any departure a court previously granted under § 4A1.3.") (internal quotation marks and alterations omitted).

DeJesus moved to reduce his sentence based on an amendment to the Guidelines that reduced his base offense level from 38 to 36. That amendment had no effect on DeJesus' total

3

offense level because, after considering the two point enhancement for the use of a firearm, three points for being a manager or supervisor in the drug organization, and two points for employing a minor in the commission of his offense, DeJesus' total offense level remains at 43. At his prior sentencing, I determined that DeJesus had criminal history level of IV. Thus, his sentencing range remains life imprisonment. Because Amendment 706 had no effect of reducing DeJesus' sentencing range, he is not eligible for a section 3582(c) sentence reduction. Furthermore, even if his total offense level was reduced from 43 to 41, he would still be ineligible for a sentence reduction. A total offense level of 41 and a criminal history category of IV yields a guidelines range of 360-life. At his resentencing, I sentenced him to 340 months' imprisonment. Accordingly, he is ineligible for a section 3582(c) reduction because his current sentence is already lower than any amended Guideline range.

Finally, DeJesus' arguments regarding my discretion to resentence him are unavailing. First, Rule 35 does not provide a mechanism to resentence DeJesus under the current circumstances, more than fourteen days after his sentence and not on the government's motion. Fed. R. Crim. P. 35. The only mechanism that would arguably apply to DeJesus is a sentence reduction under section 3582(c). However, for reasons already stated, he is not eligible. Though DeJesus is correct that the Guidelines have been rendered advisory under *Booker*, he does not cite any Second Circuit authority indicating that I have the discretion to resentence him on account of an amendment to the Guidelines that, based on section 1B1.10, does not render him eligible for a reduced sentence. In fact, courts have consistently held that district courts are bound by the limitations of section 3582(c) as clarified in section 1B1.10 of the Guidelines. *Dillon v. United States*, 560 U.S. 817, 827 (2010); *Johnson*, 732 F.3d at 114. Thus, his motions for reconsideration of my previous Order must be denied.

4

B. Amended Judgment

DeJesus also moves for an amended judgment that sets forth a statement of reasons that is consistent with the reasons for the imposition of a sentence that I set forth in open court during his July 18, 2005, resentencing. Although DeJesus' motion argues that the written judgment is inconsistent with my ruling in open court, I do not see how the two are inconsistent.

At the resentencing, I acknowledged that there was authority in the Second Circuit, under *United States v. Lauerson*, 362 F.3d 160 (2d Cir. 2004), which permitted the court to downwardly depart based on a finding that there were overlapping adjustments made in connection with calculating the defendant's offense level. I stated on the record that, rather than downwardly depart, I would impose a non-Guideline sentence below the applicable Guideline range. Sentencing Hr'g Tr. at 28 (doc. # 1604). The practical effect of imposing a non-guideline sentence and downwardly departing are the same: the defendant is sentenced to a term of incarceration less than the low end of the applicable Guideline range. The written judgment reflects my decision to impose a non-Guideline sentence lower than the applicable Guideline range. Furthermore, it reflects that one of my reasons for imposing such a sentence was based on the "cumulative effects" of substantially overlapping adjustments to DeJesus' total offense level, as recognized in *United States v. Lauerson*. Because there is no discrepancy to correct, DeJesus' motion to amend the judgment is denied.

## III. Conclusion

For the foregoing reasons, DeJesus' motions (docs. # 1658, 1665, and 1761) are denied.

So ordered.

Dated at Bridgeport, Connecticut, this 19th day of August 2016.

/s/ STEFAN R. UNDERHILL

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge